Haight, J.
This action was brought to recover the amount of three promissory notes. The first note was dated January 30, 1883, for $12,000, payable in one year after date, with interest after July 1, 1883. It was contended on the part of the defendants that this note was void for usury. There is no substantial conflict in the evidence as to the circumstances under which the loan was made. The defendants were copartners and were in want of money to carry on their business. The defendant, Hays, was the husband of the plaintiff. The plaintiff held an insurance policy upon the life of her husband, payable in fifteen years from its date, for the sum of $10,000. This policy became due and payable on the first day of July, 1883, and at that time with the dividends that had accumulated, including the one that would be payable July 1, 1883, there would be due and payable thereon the sum of $11,982. Upon the 22d of January, 1883, the defendants prevailed upon her to assign the insurance policy to the Importers’ and Traders’ National Bank of New York, they agreeing to give her a promissory note for the amount that would be due and payable upon the policy on the first day of July thereafter, and her husband agreed to add to that amount the sum of eighteen dollars so as to make the note even $12,000. She thereupon delivered the policy with the assignment to the defendants, who caused the same to be forwarded by express to the Importers’ and Traders’ National Bank of New York, to be discounted by the company, and in such discount they allowed $289.63 interest, together with the dividend that would be due and payable on the first day of July, and on the thirtieth day of January they executed and delivered to the plaintiff the note in question.
It is contended on the part of the appellant that the plaintiff discounted the note and then loaned the money received to the defendants; whilst on the part of the re *226 spondent it is claimed that the policy was transferred to the defendants, and that the assignment was made to the hank at their request, and that they procured the same to be discounted by the company. If the appellants’ theory is correct, then the plaintiff in effect gave nearly $500 for the sake of accoinmodqtMg the defendants by making a loan to them. Had she held on to her insurance until the first day of July, she would then have received from the company $11,982. The note which the defendants gave her did not not draw interest until after the first day of July, the time when the policy was due and payable, so that she makes nothing out Of the transaction except the eighteen dollars given to her by her husband to make the amount an even $12,000. The undisputed evidence is that the policy, after the assignment was executed, was taken in charge by the defendants and forwarded to New York. All of the negotiation in reference to discounting the policy was with the defendants. We confess that we are unable to discover any usury in the transaction, or any reason why she should not be entitled to recover the full amount, even the $175 dividend that was due and payable on the first day of July.
■ As to the six hundred dollar note, the only defense is that there was paid to apply thereon, June 26, 1884, $150, and February 20, 1884, $150. These payments were made to her husband and charged on the books of the company as against the six hundred dollar note. It appeared, however, that the money so drawn by the husband was used by him in his individual business, and he testified that the money was drawn on his individual account, was improperly charged against Ms wife’s note, and that when he discovered the charge he gave instructions to have her credited with the amount, and that the same should be charged against him individually. The plaintiff testified that she had never received either of these items, had not authorized her husband to collect them and did not know that he had. The only evidence appearing, tending to show that the husband was the agent of the plaintiff, appears in her affidavit which was read in evidence, wherein, speaking of the loan of the insurance money, she says: “I permitted him (meaning her husband), to get the proceeds and lend it for me to his firm.” This, however, pertained to the twelve thousand dollar loan and had no reference to the other loans. The evidence fails to show that the husband had acted for her in reference to any other transaction, and this fact, standing alone, is not sufficient to make out a case for submission to the jury.
It is true that the testimony of the plaintiff and her husband, they being interested parties, would not authorize the court in taking the question from the jury. But in *227 this case the affirmative was upon the defendants, they had to prove the payments; the disputed payments having been made to the husband, it devolved upon the defendants to show that he was the agent of the plaintiff and authorized to collect and receive the same. This, the defendants failed to do and consequently there was no question to be submitted to the jury.
The appellant also claims that he should .have been allowed the counter-claim set up in the answer. The undisputed evidence is that these items were drawn from the firm by the defendant Hays; that they were charged to him individually; that by the articles of copartnership each member of the firm was allowed to draw from the firm business $1,000 a year, and that the defendant Hays should be allowed $1,000 per year extra. The items so drawn by the defendant Ferdinand Hays were paid by him semiannually to the insurance company as the premium upon the policy; this he had the right to do, and it does not become a debt owing to the company by the plaintiff, or entitled to be allowed against her, as a counter-claim to the amount due and owing her upon the notes.
The only exception that we consider necessary to discuss occurs in the testimony of the witness Ferdinand Hays, who, after being questioned as to what policy he paid the premiums upon by the money drawn by him from the firm, was asked: “Have you ever at any time acted as agent for your wife in any of these matters—any of the matters respecting her business with Hays & Thalheimer?” This was objected to by the plaintiff and the objection was sustained, the court remarking: “I do not mean to rule that you cannot show payments on this policy, provided that you show that it was done with the knowledge or under such circumstances as to raise a presumption that it was done with the consent of Mrs. Hays. ” Exception was taken by the defendant. The witness then proceeded to state that he paid all the premiums himself. The question that they had under consideration at the time, was the payment of the premiums upon the policy. The ruling of the court appears to have been made in reference to such payments. This was the subject which the parties evidently understood that the question, referred to, and for this reason we are inclined to the opinion that the ruling was not erroneous, for in so far as the payments upon the policy were concerned, it mattered not whether the plaintiff knew of them or had authorized her husband to make them. Had the question referred to the payments made upon the notes it would have been proper, and it would have been error to have excluded it.
*228 We are consequently of the opinion that the judgment should be affirmed. So ordered.
Smith, P. J.; Barker and Bradley, JJ., concur.